**In the Matter of G. Samuel SCHREIBER, a/k/a Gerald S. Schreiber, Debtor.**

**SCHMIDT INDUSTRIES, INC., a Missouri corporation, Plaintiff,**

**v.**

**Samuel G. SCHREIBER, Debtor and Robert L. Roth, Trustee, Defendants.**

**Bankruptcy No. 81–01440–BKC–SMW.**

**Adv. No. 81–0496–BKC–SMW–A.**

United States Bankruptcy Court, S. D. Florida.

Nov. 2, 1981.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE coming on to be heard upon an adversary proceeding pursuant to 11 U.S.C. § 362(d) and Part VII of the Interim Bankruptcy Rules, seeking relief from the automatic stay in the above-styled Chapter 13 Proceeding, and the Court, having examined the evidence presented; considered the arguments of counsel; and the Defendants having failed to appear through counsel or otherwise; and, the Court being otherwise fully advised in the premises, does hereby make the following Findings of Fact and Conclusions of Law:

The Plaintiff, SCHMIDT INDUSTRIES, INC., is a secured creditor of the Debtor by virtue of a Promissory Note and Mortgage which were reduced to Summary Final

Judgment in Foreclosure on May 4, 1981. The foreclosure sale was scheduled for June 4, 1981. The Debtor filed a Voluntary Petition under Chapter 13 in this Court one (1) day prior to the scheduled foreclosure sale.

Subsequently, the Debtor voluntarily dismissed the Chapter 13 Proceeding and the foreclosure sale in the State Court was thus reset for September 11, 1981. Once again, two (2) days prior to the scheduled foreclosure sale, the Debtor, SAMUEL G. SCHREIBER, filed a Voluntary Petition under Chapter 13 in the above-styled case.

The Court takes note that the Debtor has failed to file a Plan and has otherwise failed to comply with the requirements of Chapter 13 of the Bankruptcy Code. Counsel for Plaintiff represented at trial that he had spoken with counsel for the Debtor who indicated his intention not to appear at trial and who further indicated, while objecting to the relief sought herein, that the Debtor would not be filing a Plan.

Based upon the foregoing, the Court concludes the Debtor's actions constitute bad faith, which bad faith constitutes adequate cause pursuant to 11 U.S.C. § 362(d)(1) to warrant the lifting of the automatic stay herein. The Court further finds that the Debtor, in failing to appear, has failed to meet its burden of proof of establishing adequate protection of the interest of plaintiff herein.

The Court thus concludes that Plaintiff is entitled to a lifting of the automatic stay herein in order to proceed with the foreclosure sale of the subject property. A final judgment will be entered in accordance with these findings and conclusions.