**In re CGR, LTD., Debtor.**

**BRAND ASSOCIATES, Movant,**

v.

**CGR, LTD., Respondent,**

v.

**FLEET NATIONAL BANK, Intervenor.**

**Bankruptcy No. 85–04363–H3–5.**

United States Bankruptcy Court,
S.D. Texas,
Houston Division.

Oct. 16, 1985.

Jerry L. Schutza, Houston, Tex., for debtor.

Urban & Coolidge, Carolyn A. Taylor, Houston, Tex., for Brand Associates.

Lapin, Totz & Mayer, Edward L. Rothberg, Houston, Tex., for Fleet Nat. Bank.

## DECISION AND ORDER TERMINATING AUTOMATIC STAY

EDWARD J. RYAN, Bankruptcy Judge.

BRAND ASSOCIATES (Brand), a secured creditor in this case, has moved for an Order terminating the automatic stay to permit it to enforce its liens against property of the debtor known as the Hillcroft Fountain Apartments ("the property"). FLEET NATIONAL BANK (Fleet), another creditor holding a lien on the property, filed a motion to intervene in this automatic stay litigation.

The Court had held a preliminary hearing on this matter on August 26, 1985, at 9:00 a.m., at which counsel for the debtor, Brand and Fleet appeared and announced their agreement to continue the automatic stay until hearing on certain terms and conditions embodied in an order dated September 3, 1985.

The Court set a final hearing in this matter for September 19, 1985, at which counsel for the parties appeared to present their respective cases.

The parties stipulated to the validity and amount of the liens held by Brand and Fleet and to the admissibility of certain documents. Both Brand and Fleet put on evidence and oral argument in support of their case. The debtor did not put on any evidence, and relied solely on its cross-examination and oral argument. The debtor, after resting, did thereafter on the second day of the hearing, offer to present the testimony of a real estate agent concerning a prospective purchaser. This was refused because untimely and clearly of little, if any, weight on the issue of the value of the property.

After consideration of the stipulations, evidence, and oral argument in the light of the applicable law, the Court determines that the automatic stay should be terminated for cause, including lack of adequate protection. The debtor lacks any equity in the property.

■ Cause exists to terminate the automatic stay because the debtor failed to comply with the Order of September 3, 1985 by:

a. using cash collateral prior to submission of a budget in contravention of paragraph 10 of the Order and its continued use of cash collateral in violation of the Order;

b. its failure to provide Brand and Fleet with the August operating report by September 15, as required by paragraph 12 of the Order;

c. its failure to remit the excess of income over normal operating expenses to counsel for Brand, as required by paragraph 13 of the Order;

d. its failure to advise Brand and Fleet of any offer to purchase the property as required by paragraph 16 of the Order; and

e. its failure to obtain insurance on the property as required by paragraph 17 of the Order.

Brand is not adequately protected because the principal amount of the first and second liens, along with the third wrap note, excluding accrued interest, is approximately $3.5 Million, and the evidence established that the value of the property is no greater than $3.5 Million. Accordingly, there is no equity cushion to adequately protect the interest of Brand.

The movants produced the testimony of two exceptionally competent appraisers, Messrs. Grayson Moss and David Caldwell. These experts were articulate, clear and convincing in their giving of evidence. Although they approached the stream of income valuation by avenues which differed in some respects, each made a valid estimation of value and the appraisals are consistent in result.

The interests of both Brand and Fleet are not adequately protected because the property is decreasing in value. Its condition deteriorates due to the debtor's gross neglect.

The resident manager Ms. Lana Rosner testified with respect to her efforts to manage the project. She is doing her best, no doubt, but she does not have the technical expertise to execute her office nor does she have the necessary financial resources to maintain the property. The debtor, to save money, has elected to dispense with professional managers to the detriment of the property.

Movants' witness, Melvin F. Kiki, an expert convincingly described the management deficiencies.

This collateral is being impaired in that tenants are leaving because there have been threats on 9 separate occasions by the power company, to terminate service because of the debtor's failure to pay its bill. Further, the central air conditioning system is partially out of service, and frequently breaks down.

Because of these conditions, rents are declining as the debtor must lower rents to compensate for these deficiencies in its attempt to remain competitive with other apartment complexes.

Debtor's counsel made an offer of adequate protection on the record. This office was and is insufficient. There is no evidence in the record that the debtor is capable of operating the property and making the adequate protection payments stated. The evidence indicates that the payments could not be made. The debtor has not offered any means to arrest the deterioration of the condition of the property or the constant decline in occupancy.

In order to reorganize effectively, the debtor would have to infuse substantial outside cash into the property cure the defects to lease as many units as possible in the order to cover operating expenses and to cover debt service. The debtor failed to offer any evidence of such an infusion of capital. There can be no effective reorganization in the reasonably foreseeable future.

The debtor has failed to offer adequate protection to the movants.

Therefore, it is ordered that Fleet is permitted to intervene and the automatic stay is terminated to permit Brand and Fleet to enforce its liens on the property.

It is so ordered.