In re Thomas E. MERCHANT d/b/a
The Winlei–Sterling Property
Management Group, Debtor.

Sterling Bank & Trust, Movant,

v.

Thomas E. Merchant d/b/a The Winlei–
Sterling Property Management Group
and Ronda J. Winnecour, Trustee, Respondents.

Continental Communities, d/b/a
Washington Estates Mobile
Home Park, Movant,

v.

Thomas E. Merchant d/b/a The Winlei–
Sterling Property Management Group
and Ronda J. Winnecour, Trustee, Respondents.

In re Earl A. Schifino d/b/a The Winlei–Sterling Property Management Group, Debtor.

Loretta J. Kozlowski, Movant,

v.

Earl A. Schifino d/b/a The Winlei–Sterling Property Management Group and Ronda J. Winnecour, Trustee, Respondents.

Bankruptcy Nos. 00–10916, 00–11505.
Motion Nos. RMN–1, 00–
QLF–1, B&W–1.

United States Bankruptcy Court,
W.D. Pennsylvania.

Dec. 28, 2000.

Stephen H. Hutzelman, Erie, PA, for Thomas E. Merchant d/b/a The Winlei–Sterling Property Management Group and Earl A. Schifino d/b/a The Winlei–Sterling Property Management Group.

Michael E. Wish, Hermitage, PA, for Loretta J. Kozlowski.

Michael S. Janjanin, Erie, PA, for Continental Communities, Inc. d/b/a Washington Estates Mobile Home Park.

Richard M. Nelson, Cherry Hill, NJ, Wayne G. Johnson, Jr., Erie, PA, for Sterling Bank & Trust.

Ronda J. Winnecour, Pittsburgh, PA, Chapter 13 trustee.

### OPINION

WARREN W. BENTZ, Bankruptcy Judge.

### Introduction

Before the Court are three separate Motions for Relief from the Automatic Stay, Sterling Bank & Trust ("Sterling") and Continental Communities, Inc. ("Continental") seek relief in the Thomas E. Merchant ("Merchant") case and Loretta J. Kozlowski ("Kozlowski") seeks relief in the Earl A. Schifino ("Schifino") case. We have granted the Motions by separate orders and write to explain the basis of our decision.

### Factual Background

Merchant, Schifino, and The Winlei–Sterling Property Management Group ("Winlei") are intimately familiar with the bankruptcy process. They have held their creditors at bay with strategic use of the bankruptcy system since the first in a series of cases was filed by Merchant on July 8, 1996. Through the use of alternate names and different addresses, Merchant, Schifino and Winlei have amassed a track record of seven cases in front of three different bankruptcy Judges in the Western District of Pennsylvania between July, 1996 and the present.[1]

Merchant and Schifino are partners in the real estate management business known as Winlei. See Debtors' Motion for Consolidation of Cases, ¶ 3. Merchant and Schifino also share a residence. Id. at ¶ 4. "During the course of their partnership and cohabitation, the Debtors have acquired property, some of which is owned jointly and some of which is individually owned. Also during the course of their partnership and cohabitation, the Debtors have incurred debts, some joint, some individual." Id. at ¶ 5.

Thus, whenever a bankruptcy case is pending, for either Merchant or Schifino, a joint creditor of either is stayed from pursuing its collateral. A review of the docket of each of the series of filed cases reveals that Merchant and Schifino have repeatedly used tactics of delay and in most instances have completely failed to adhere to the bankruptcy requirements with the result being dismissal of each case only to be followed soon thereafter with another case to reimpose the automatic stay.

Ignoring the 1992 and 1993 cases, the first in the continuing series of cases since 1996 was captioned Thomas Edwin Merchant and filed in the Pittsburgh division

1. The July 8, 1996 filing was not Merchant's first case. He filed a Voluntary Petition under Chapter 7 on July 14, 1992 (Bankruptcy No. 92–23154) which was dismissed on July 30, 1992 for failure to complete the required schedules. He filed a second Voluntary Petition under Chapter 7 on August 26, 1993 (Bankruptcy No. 93–23006) which was dismissed on September 13, 1993 for failure to complete the required schedules. Those cases are in addition to the seven filed since July 8, 1996.

as a voluntary Petition under Chapter 7 of the Bankruptcy Code on July 8, 1996 at case number 96–23501. Merchant listed his address as 334 Castle Road, Washington, Pennsylvania. The case was assigned to Judge McCullough. At the time of filing, the Petition was incomplete. Merchant was afforded until July 23 to complete filing. By Order dated July 30, 1996, the Court fixed a hearing for August 27, 1996 on a Rule to Show Cause Why Case Should Not Be Dismissed with Sanctions or Sanctions Imposed on Debtor for Failure to Complete Filing. At hearing on August 27, the Petition still had not been completed. The Court noted that the documents to complete the filing were to be filed by August 28. Merchant completed the Petition on August 28. Merchant received a discharge on December 30, 1996 and the case was closed on December 31, 1996. The automatic stay terminates when the case is closed. 11 U.S.C. § 362(c)(2). After the closing of the case, any creditor that holds a security interest in property of the Debtor is free to pursue its state court remedies.

Three days after case number 96–23501 was closed, on January 3, 1997, Earl A. Schifino, with an address of 90 S. Irvine Avenue, Sharon, Pennsylvania, filed a voluntary Petition under Chapter 13 of the Bankruptcy Code in the Erie Division of the Court at case number 97–10012 which was assigned to Judge Bentz.

The Petition was incomplete and Schifino was given until January 21 to complete the filing. On January 21, Schifino filed a Motion for Extension of Time to File Schedules and Plan. The Petition was completed on January 31. There were numerous objections to confirmation of the filed Plan. Schifino filed an Amended Plan on April 4. A confirmation hearing was fixed for June 27. On June 27, Debtor's attorney withdrew from the case. No progress was made toward confirmation. The confirmation hearing was rescheduled for July 25. On July 25 it was rescheduled for August 22. Following a hearing on August 22, the case was dismissed by Order dated August 27, 1997 without confirmation of a plan.

Nine days later, on September 5, 1997, Schifino, with an address of 90 S. Irvine Avenue, Sharon, Pennsylvania, filed another voluntary Petition under Chapter 13 in the Erie Division at case number 97–11343, assigned to Judge Bentz. Once again the Petition was incomplete. Schifino was given until September 22 to complete the filing. On September 23, October 14, October 31 and November 18, he filed motions to extend the time to complete the filing. The Court granted the motions each time with the last date fixed as December 1. When the schedules were not filed, the Court fixed a hearing for December 19 to determine whether the case should be dismissed for failure to file schedules. The Debtor completed the Petition on December 19. A confirmation hearing was held on March 27, 1998. The Chapter 13 Trustee reported that the Debtor had failed to appear as required for the First Meeting of Creditors and that Debtor had made no payments in the case. Counsel for the Internal Revenue Service reported that Debtor had not filed his 1996 tax return and didn't appear for an audit scheduled on his 1995 tax return. The case was dismissed by Order dated April 2, 1998.

It was only a short time before Schifino filed again on July 2, 1998, this time filing as Earl Schifino d/b/a RJ's d/b/a The Patio Café Bar & Grille and d/b/a Winlei–Sterling Property Management. This was a voluntary Petition under Chapter 11 of the Bankruptcy Code filed in the Pittsburgh Division by using an address of 334 Castle Road, P.O. Box 532, Washington, Pennsylvania. The case was assigned to Judge Fitzgerald at number 98–25212. As with each prior case, the Petition was incomplete. Schifino sought two extensions of time before the Petition was completed. During the course of the Chapter 11 case, Debtor failed to timely file the required monthly operating reports until the day

before a hearing fixed by the Court to determine whether the case should be dismissed and sanctions imposed. On April 1, 1999, the United States Trustee filed a Motion to Dismiss Case. On April 2, 1999, the Internal Revenue Service filed a Motion for Contempt. A hearing was scheduled for April 23. On April 8, Debtor filed a Motion for Continuance and Debtor's counsel filed a Motion to Withdraw as attorney. On April 9, the Court issued an Order dismissing the case with prejudice.

The next case was filed in Erie by Thomas E. Merchant d/b/a Winlei–Property Management using an address of 90 S. Irvine Avenue, Sharon, Pennsylvania. The case was filed on September 24, 1999 as a voluntary Petition under Chapter 13 at number 99–11518 assigned to Judge Bentz. Once again, the petition was incomplete. Debtor sought and was granted an extension of time to complete the filing until November 2. Nothing further was filed and the case was dismissed by Order dated November 10, 1999.

With that extensive history, we arrive at the two cases presently pending before this Court. The first was a voluntary Petition under Chapter 7 filed on May 26, 2000 by The Winlei–Sterling Property Management Group as a partnership with an address of 90 S. Irvine Avenue, Sharon, Pennsylvania. The Petition was incomplete and Debtor was directed to complete the Petition by June 12, 2000. When the Petition was not completed, the case was dismissed on June 15. On that same date, Debtor filed a Motion to Convert to Chapter 13 and Amend Caption. On June 22, the dismissal order was vacated, the case reopened and converted to Chapter 13, the caption amended to read Thomas Merchant d/b/a The Winlei–Sterling Property Management Group, and the Debtor given an additional 20 days, until July 12, 2000, to complete the Petition. On July 20, Debtor's counsel filed a Motion to Withdraw as Counsel and to Extend Time for Filing of Schedules. By Order dated September 14, 2000, counsel was permitted to withdraw and Debtor was directed to obtain new counsel and complete the Petition within 30 days. The schedules were filed on October 6. The Chapter 13 Plan, due at the same time, has not been filed.

Kozlowski sought relief from stay in this case which was granted by default Order on August 23, 2000. The Kozlowski Order in the Schifino case (number 00–11505) is the subject of this appeal, but the Kozlowski Order in the Merchant case (number 00–10916) is not the subject of an appeal.

The second bankruptcy case presently pending before the Court is a voluntary Petition under Chapter 13 filed on September 8, 2000 by Earl A. Schifino d/b/a The Winlei–Sterling Property Management Group at number 00–11505. Once again, the Petition was incomplete at filing and Debtor was given until September 28 to complete the filing. Debtor then sought and was granted an extension of time. The Petition was completed on October 6, but a Chapter 13 Plan, also due, remains unfiled.

*Motions for Relief from Stay*

### A. Loretta J. Kozlowski

Kozlowski seeks relief from stay in the Schifino case. She obtained the same relief in the Merchant case by Order dated August 23, 2000.

On February 3, 2000, Kozlowski entered into an Articles of Agreement with Schifino and Merchant on behalf of Winlei for the purchase of two mobile homes. The purchase price was $17,000 with a downpayment of $1,000 and a balance of $16,000 financed by the owner for 36 months at 9%. Schifino admits not a single payment on the agreement has been made and that they have failed to make promised repairs with a fund advanced by Kozlowski and have failed to pay lot rental as required under the agreement.

Kozlowski entered into a second agreement with Winlei on February 17, 2000 for the sale of real property located at 1005 Highland Avenue, New Castle, Pennsylva-

nia, for an amount of $39,500 to be paid at the rate of $819.96 per month for 60 months commencing March 17, 2000. Schifino admits that no payments have been made.

### B. Sterling Bank and Trust

Sterling seeks relief from stay in the Merchant case. Sterling holds a first mortgage lien on property in Florida. Debtor was delinquent in payments on the mortgage as of the filing date of the bankruptcy case. Debtor has made no plan payments to the Chapter 13 Trustee.

### C. Continental Communities

Continental Communities ("Continental" or "Movant") seeks relief from stay in the Merchant case. Debtor owns a mobile home located in the Movant's trailer park. Lot rent is charged monthly in the amount of $225 plus a late fee of $25. Movant instituted a landlord/tenant action against Debtor and obtained a judgment for possession and money on August 26, 1999. The mobile home remains in the park. Movant seeks relief to proceed with action to remove the mobile home.

### Discussion

■ The filing of a bankruptcy Petition operates as a stay against actions against the Debtor *inter alia* to obtain possession of or to enforce any lien against property of the estate. 11 U.S.C. § 362(a). The automatic stay prevents creditors such as Sterling, Continental and Kozlowski from initiating or continuing the types of actions they wish to pursue against Merchant and Schifino unless they first obtain relief from the automatic stay.

11 U.S.C. § 362(d) provides:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

(2) with respect to a stay of an act against property under subsection (a) of this section, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization; or

. . .

11 U.S.C. § 362(d).

■ A creditor is entitled to relief from the automatic stay if there is sufficient "cause" under § 362(d)(1). "Cause" is an intentionally broad and flexible concept which must be determined on a case-by-case basis. *In re M.J. & K. Co., Inc.*, 161 B.R. 586, 590–91 (Bankr.S.D.N.Y.1993); *In re Holly's, Inc.*, 140 B.R. 643, 687 (Bankr. W.D.Mich.1992) (and cases cited therein).

The Court in *In re Holly's* collects numerous decisions which discuss relief from stay for "cause:"

There are a multitude of reported decisions discussing relief from the stay for "cause." The decisions are fact intensive and except for the balancing test enunciated in *Cardinal Indus.*, the opinions generally offer no precise standards to determine when "cause" exists to successfully obtain relief from stay. *See, e.g., Tucson Estates*, 912 F.2d at 1166 ("cause" exists to lift stay as to state court trial involving same issues for which bankruptcy court may abstain); *White v. White (In re White)*, 851 F.2d 170, 173–74 (6th Cir.1988) ("cause" exists to lift stay to allow spouse to continue divorce proceedings and determine property settlement); *Little Creek Dev. Co. v. Commonwealth Mortgage Corp. (Matter of Little Creek Dev. Co.)*, 779 F.2d 1068, 1071–73 (5th Cir.1986) (lack of good faith in filing for bankruptcy constitutes "cause" for relief from stay); *MacDonald*, 755 F.2d at 717 ("cause" exists to lift stay to allow creditor to proceed in state court action for spousal support modification); *Farmers & Merchants Bank & Trust of Watertown v. Trail West, Inc.*, 28 B.R. 389, 394

(D.S.D.1983) (debtor's failure to comply with restrictions placed on it by the Code constituted sufficient misconduct to lift the stay); *In re Future Growth Enters., Inc.*, 61 B.R. 469, 472 (Bankr. E.D.Pa.1986) ("cause" to lift stay exists when debtor is significantly in default under lease and has failed to successfully move for assumption); *Matter of McMartin Indus., Inc.*, 62 B.R. 718, 723 (Bankr.D.Neb.1986) ("cause" exists to grant relief from the automatic stay when debtor fails to pay postpetition taxes, fails to disclose a bank account on its bankruptcy schedules, and fails to notify creditor of the existence of the account); *Matter of Lipply*, 56 B.R. 524, 528 (Bankr.N.D.Ind.1986) ("cause" is more than simple nonpayment but relief from stay is granted where malfeasance by debtor constitutes abuse of bankruptcy process); *Brand Assocs. v. CGR, Ltd. (In re CGR, Ltd.)*, 56 B.R. 305, 307 (Bankr.S.D.Tex.1985) ("cause" to grant relief from stay exists when debtor fails to follow court order); *In re Dabney*, 45 B.R. 312, 313 (Bankr.E.D.Pa.1985) (debtor's failure to pay rent for three months did not constitute sufficient misconduct to lift the stay); *Schmidt Indus., Inc. v. Schreiber (In re Schreiber)*, 14 B.R. 1013, 1014 (Bankr.S.D.Fla.1981) (failure to file plan and comply with requirements of the Code constitutes "cause" for relief from stay).

*In re Holly's, Inc.*, 140 B.R. at 687–88; *see also In re Little Creek Dev. Co.*, 779 F.2d 1068, 1071–72 (5th Cir.1986).

 The Bankruptcy Code imposes on debtors a duty not to abuse the judicial system. In Chapter 13 reorganization cases, good faith requires that there must be a reasonable expectation on the part of the debtor that a successful reorganization can be accomplished and the debtor must undertake efforts to carry out the reorganization.

 A bad faith filing may constitute cause for relief from the automatic stay. *In re Novak*, 103 B.R. 403 (Bankr.

E.D.N.Y.1989). An abuse of § 362 occurs when a debtor has no intention of effectuating a realistic plan of reorganization.

The record certainly supports the conclusion that Merchant and Schifino's successive filing of bankruptcy petitions was done in bad faith. In 1992 and 1993 Merchant filed two cases which were dismissed for failure to comply with the requirements of the Bankruptcy Code. The present series of seven cases began with Merchant's Chapter 7 in 1996. After repeated delay, Merchant completed the filing and was granted a discharge. Since that time, Merchant and Schifino have filed four reorganization (3 Chapter 13 cases and 1 Chapter 11 case) cases prior to the two which are presently pending. Each of the four cases was incomplete at filing and replete with delay. Merchant and Schifino failed to comply with the requirements of the Code in each case which resulted in dismissal without any plan of reorganization.

Merchant and Schifino have continued the same pattern of abuse in the present cases. Both cases were incomplete at filing. The Merchant case, originally filed by Winlei, was dismissed for failure to complete the filing and reopened and converted to Chapter 13 at Merchant's request on June 22. A Chapter 13 plan was due 15 days later. Fed.R.Bankr.P. 3015(b). Merchant sought and was granted an extension of time until October 16. No plan has been filed. *Local Rule 3021.2* provides that "[a]ny extension of time granted by the court for the filing of a plan ... shall not also act as an automatic extension of time for the submission of payments to the Chapter 13 Trustee." *Local Bankruptcy Rule 3021.2.* Merchant has made no payments to the Chapter 13 Trustee. *Local Rule 2015.1(B)* instructs a debtor if engaged in business in a Chapter 13 case to "file monthly statements of operations ... not later than the fifteenth (15th) day of each month." Merchant has filed no statements of operation. *Local Bankruptcy Rule 2015.1(B).*

Similarly, Schifino has failed to file a plan, has failed to file monthly statements of operation and has failed to make any plan payments.

"Where a debtor seeks protection of the Bankruptcy Code, creditors may legitimately expect the debtor, at a minimum, to abide by provisions of the Code [and the Rules]. When debtors flout the code, they lose their protection from creditors and relief from the automatic stay will be granted." *In re Knight Jewelry,* 168 B.R. 199, 202 (Bankr.W.D.Mo.1994) *citing Farmers & Merchants Bank & Trust v. Trail West, Inc.,* 28 B.R. 389, 394 (D.S.D. 1983).

Merchant and Schifino have failed to abide by the Code and the Rules in their numerous strategically filed cases since 1996. They continue to flout the Code and the Rules in the present cases. Accordingly, Sterling, Continental and Kozlowski have been granted relief from the automatic stay by separate Orders.