

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-25-2002

# Tolve v. Commissioner IRS

Precedential or Non-Precedential:

Docket 0-2289

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Tolve v. Commissioner IRS" (2002). *2002 Decisions.* Paper 199.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/199

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NO. 00-2289
_____

RICHARD TOLVE; BETTE TOLVE,

Appellants

v.

COMMISSIONER OF INTERNAL REVENUE
_____

On Appeal from the United States Tax Court
Tax Court No. 00-4113
Honorable James S. Halpern
_____

Argued on November 7, 2001
Before: BECKER, Chief Judge, McKEE and RENDELL, Circuit Judges.

(Filed March 22, 2002)
_____

Frank Agostino, Esq.     [ARGUED]
Susan M. Flynn, Esq.
Calo Agostino
27 Warren Street
Hackensack, NJ 07601
    Counsel for Appellants

Teresa T. Milton, Esq.     [ARGUED]
Teresa E. McLaughlin, Esq.
United Stats Department of Justice
Tax Division
P.O. Box 502
Washington, DC 20044
    Counsel for Appellee

_____

OPINION
_____

RENDELL, Circuit Judge.

This appeal comes to us from the Tax Court's grant of summary
judgment in favor

of the Internal Revenue Service ("IRS"). At the heart of this appeal is the Tax Court's refusal to permit the taxpayers, Richard and Bette Tolve, to withdraw their deemed admissions and to amend their pleadings so as to raise a statute of limitations defense as to the IRS's claim for additions to tax and interest. They claim that the consent form only waived the statute of limitations regarding the amount of the tax itself, and also that the statute of limitations had run regarding any tax liability of Bette Tolve because she did not sign the consent form at all. The Tax Court refused to permit withdrawal of the admissions and granted the IRS's motion for summary judgment. We will affirm.

I.

As we write only for the parties, who are familiar with the events that concern us, we will only note those facts that are particularly relevant to our ruling. On their joint federal income tax return for 1981, the Tolves reported losses and credits that flowed through to them under 701 from a partnership called Stu-Co Energy Associates ("Stu-Co"). As part of a broader tax shelter examination, the Tolves' 1981 tax return was audited. As part of this audit, on February 27, 1985, an IRS Form 872-A (the "Consent") was submitted to the IRS with the purported signatures of both Richard and Bette Tolve. It is uncontested that the purpose of this form was to extend the statute of limitations regarding "tax" deficiency; it is disputed what the term "tax," as used in this Consent, means. The form was a standard IRS form, but contained typed language limiting the "amount of any deficiency assessment to that resulting from" six different items, none of which reference additions to tax or interest.

Three and a half years later, in September, 1999, counsel for the Commissioner sent a series of letters and requests to the Tolves in an effort to prepare the case for trial, then set for January 10, 2000. After several misdirected communications, on November 17, 1999, a request for admissions, as well as all other documents previously sent to a different address, were sent to the Tolves at their New York address. The Tolves admit to having received this package sometime after November 25, 1999.

Pursuant to Tax Court Rule 90(c), matters set forth in a request for admissions are

deemed admitted if the party on whom the request is served does not respond within 30 days after service.  As the Tolves did not respond to the request for admissions at all, their substance was deemed to be admitted.

On the date set for trial the Tolves filed a motion to withdraw the deemed admissions, a motion to amend the petition, and a motion for partial summary judgment regarding whether the Consent extended the statute of limitations for assessment of any item other than the tax.  The Commissioner objected to the Tolves' motions and sought summary judgment that the entire amount was due.  The Tax Court denied the Tolves' motions.  By doing so the Tax Court effectively disposed of all the issues in the underlying action because the deemed admissions established the "timeliness" of the assessment and that they owed the amount of the tax, the additions to tax, and the interest, as listed in the deficiency notice.  The Tax Court accordingly granted the Commissioner's motion and entered judgment for the entire amount claimed by the IRS to be due.  The Tolves now appeal from the Tax Court's orders.

## II.

The Tax Court exercised jurisdiction over this case pursuant to 26 U.S.C. ("I.R.C.")  6214 and 7442.  We have jurisdiction to review the Tax Court's final order pursuant to I.R.C.  7482(a).

We review both the Tax Court's refusal to permit the withdrawal of deemed admissions and its refusal to allow the petition to be amended for abuse of discretion. Cureton v. Nt'l Collegiate Athletic Assoc., 252 F.3d 267, 272 (3d Cir. 2001) (amend petition); Am. Auto. Assoc. v. AAA Legal Clinic of Jefferson Crooke, 930 F.2d 1117, 1119 (5th Cir. 1991) (admissions); 999 v. C.I.T. Corp., 776 F.2d 866, 869 (9th Cir. 1985) (admissions).  Our standard of review is therefore a narrow one.  We have explained that a finding of an abuse of discretion is appropriate only "if no reasonable man would adopt the [tax] court's view.  If reasonable men could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion." Washington v. Philadelphia County Court of Common Pleas, 89 F.3d 1031, 1044 (3d Cir. 1996).

A.   Motion to Withdraw Admissions

The Tolves' admissions essentially resolve issues of "timeliness" and the amount due in the IRS's favor.  The Tax Court correctly referenced the applicable standard governing the withdrawal of admissions in such proceedings.  Rule 90(f) in pertinent part provides:

> [W]ithdrawal or modification may be permitted when the presentation of the merits of the case will be subserved thereby, and the party who obtained the admission fails to satisfy the Court that the withdrawal or modification will prejudice such party in prosecuting such party's case or defense on the merits.

Two issues are presented:  first, whether the merits are "subserved," or promoted, by allowing the Tolves to withdraw their admissions, and, second, whether the IRS is prejudiced in any way by the same.

### 1.    Subserving the Merits

In its order the Tax Court reasoned that the merits were not "subserved" because the Tolves' statute of limitations defense was without merit.  It based this conclusion on a terse determination that the meaning of "tax" on the form was clear.  While the Tax Court's view of "tax" was a correct statement of tax court decisions as to the meaning of "tax," the Tax Court borrowed these rulings as conclusive on the issue of the plain meaning of "tax" in the specific Consent executed by the Tolves.  By ruling that the meaning of "tax" was clear, the Tax Court foreclosed any discussion of the proper interpretation of the form itself, which, as we have noted, contained specific typed limiting language.  We view the issue as to whether the Consent extended the statute of limitations as to only the tax, or also as to the additions to tax and interest, to be not quite as clear cut as the IRS suggests or the Tax Court concluded.

The Supreme Court has said that a consent to extend the time period for the assessment of tax is "not a contract . . . [but is] essentially a unilateral waiver of a defense by the taxpayer."  Stange v. United States, 282 U.S. 270, 276 (1931).  However, courts have analyzed taxpayer consent in contractual interpretation terms.  See Ripley v. Commissioner, 103 F.3d 332, 337 (4th Cir. 1996); Kronish v. Commissioner, 90 T.C.

684, 693 (1988). In interpreting the waiver agreement in terms of contract principles, courts have looked to the "plain meaning" of the form. See United States v. Hodgekins, 28 F.3d 610, (7th Cir. 1994); Stenclik v. Commissioner, 907 F.2d 25, 27 (2d Cir. 1990). We conclude that the plain meaning of the form before us is not limited to the statutory meaning of the words "tax" or "deficiency." Rather the meaning of the form can only be determined by examining the contract language and deciding whether its meaning is, in fact, "plain." We conclude that it is not. The typed words of limitation reference very specific items of tax resulting from adjustments relating solely to their investment in Stu-Co. We cannot say that they clearly include additions and interest, as those words appear nowhere in the typed portion (or in the form itself, for that matter). As the tax court has explained, the meaning of the form must be determined by looking at the specific restricted form at issue. See Ferguson v. Commissioner, 64 T.C.M. (CCH) 431(1992) (explaining that in order to determine whether amounts assessed by the IRS were covered by the consent, the court would focus on the "extensive and detailed language of the restriction").

In Anthony v. United States, 987 F.2d 670 (10th Cir. 1992), the Tenth Circuit Court of Appeals was called on to determine the meaning of the word "taxes" in a settlement agreement between the IRS and the taxpayer. In that case, the IRS argued that the word "taxes" did not include interest. The Tenth Circuit found that the meaning of "taxes" was ambiguous in the agreement, and therefore looked instead to the intent of the parties. Id. at 673. The court rejected the IRS's argument that they had not settled the claim for interest and that "taxpayers should have been aware of the additional interest." Id. at 673. Interestingly, the IRS makes that same claim here, but makes it as the basis for the opposite conclusion  arguing that tax clearly includes interest. The court in Anthony concluded that the parties' intent was to limit the taxpayers' liability to only the taxes themselves.

Here, in denying the Tolves' motion, the Tax Court explained that "we [have] indicated that the word 'tax' in such waivers [as the form 872] included any applicable

interest, penalty or other additions to tax."  It then references tax court rulings as to the meaning of "tax" in the context of a standard form.  Pleasanton Gravel Co. v. Commissioner, 85 T.C. 839 (1985) (citing Picard v. Commissioner, 28 T.C. 955, 961 (1957)).  This may be a correct reading of the word "tax," but this should not end the consideration of the meaning of the Consent at issue here in light of the additional typed portion containing limiting language.  The Tolves contend, and we agree, that this language could well be viewed as distinguishing the consent from the unrestricted consent in the cases relied on by the IRS and the Tax Court, such as Pleasanton Gravel and Picard, which only considered the meaning of "tax" in the form without additional qualification.  For this reason, the Tax Court was wrong to simply adopt the reasoning of those courts as to "tax" without considering the meaning of the form, including additional language included on the Tolves' consent.

As we find ambiguity in the meaning of the form, the parties intentions should have been explored in determining the meaning of the form.  Further proceedings before the Tax Court would be required in order to resolve this issue.

## 2.   Prejudice

However, we must consider the element of prejudice that will result here if the parties now need to explore their respective intentions in entering into the Consent many years ago.  If the inquiry into the meaning of tax at this late date is allowed, the Tolves' having failed to raise it in their pleading challenging the deficiency assessment, the government would be forced to adduce evidence of intent at this late date.  We think that unfair prejudice provides grounds for us to affirm the Tax Court's denial of the Tolves' motion, even though we disagree with its analysis in so doing.  Although the admission itself was received by the government only a few weeks before trial, we cannot help but consider the fact that the Tolves' motion raises an entirely new issue, essentially an affirmative defense available to them when they challenged the assessment in 1988, and we find this fact persuades us to deny them the relief they seek.  The Tolves would have us not merely put the IRS to its proof regarding the merits of their liability, but rather,

require it to defend on an entirely new basis, raising an affirmative defense separate and apart from the merits of the case.  Whether viewed as prejudicial, or as not "subserving the merits," we cannot conclude that denial of their motion by the Tax Court was an abuse of discretion.

B.    Motion to Amend the Petition

Similarly, we affirm the Tax Court's denial of the Tolves' motion to amend their petition to raise the statute of limitations defense at this late date regarding the assessment of additions to tax and interest, and to allege that Mrs. Tolve never executed or ratified the Form 872-A.  We find no reason to disturb the Tax Court's denial as we find that this issue also should have been raised by the Tolves when they challenged the deficiency assessment several years ago, in 1988, or at least not on the eve of trial.  They did not, and the Tax Court did not abuse its discretion in denying this motion.

III.

Accordingly, we will AFFIRM the order of the Tax Court.
_____

TO THE CLERK OF COURT:
    Please file the foregoing Not Precedential Opinion.


                        /s/ Marjorie O. Rendell
                        Circuit Judge