**In the Matter of Sandra B. BROWN.**

**No. Civ.A.04–CV–1111.**

United States District Court, E.D. Pennsylvania.

June 30, 2004.

Brian H. Smith, Jaffe, Friedman, Schuman, et al., Elkins Park, PA, for defendant.

Sandra B. Brown, Philadelphia, PA, pro se.

Michael D. Sayles, Elkins Park, PA, for plaintiff.

William C. Miller, Philadelphia, PA, pro se.

Frederic J. Baker, Philadelphia, PA, pro se.

### MEMORANDUM AND ORDER

JOYNER, District Judge.

This case is now before us upon appeal of the Delta Funding Corp. from the February 6, 2004 Order of Bankruptcy Judge Diane Weiss Sigmund denying its Motion for Relief from the Automatic Stay entered pursuant to the filing of a voluntary petition under Chapter 13 by the debtor, Sandra B. Brown on June 4, 2003. For the reasons set forth below, the Order shall be reversed.

### Statement of Relevant Facts

This bankruptcy appeal arises out of a mortgage which the debtor and her then-husband, Charles E. Brown, Jr., gave to the Appellant on December 4, 2000 securing real property located at 1832 South 54th Street in Philadelphia, PA. For some unknown reason, the original of the mortgage was lost and was never recorded in the Office of the Department of Records for the City and County of Philadelphia. At some point, that mortgage was assigned to Saxon Mortgage Co. but, as Delta was the party to the original mortgage, in September, 2003 it commenced an action in state court to quiet title and to have a copy of the mortgage recorded as the original with lien priority dating back to the date of the original mortgage's execution, to wit, December 4, 2000. This action was immediately stayed by virtue of Sandra Brown's having filed for bankruptcy protection some three months earlier.

On December 12, 2003, Delta filed its Motion for Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) to allow it

to proceed with its quiet title action. The matter was set down for hearing on February 5, 2004. The record reflects that the Appellant served a copy of its Motion on the debtor, all of the debtor's creditors listed on her matrix and the Chapter 13 Trustee. No one filed anything in response thereto and no one appeared at the hearing. Despite the fact that none of the interested parties objected, the Bankruptcy Court denied the motion, concluding "that there would be significant prejudice to the bankruptcy estate if Delta were permitted to proceed in the state court to continue the quiet title action." (See, Memorandum Opinion Pursuant to Fed.R.Bankr.P. 8002(b) in support of February 5, 2004 Bench Order, R.9). Delta now appeals.

### Standard of Review

■ This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a), which states:

The district courts of the United States shall have jurisdiction to hear appeals

(1) from final judgments, orders, and decrees;

(2) from interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title; and

(3) with leave of the court, from other interlocutory orders and decrees;

and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title.

An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving.

Under Fed.R.Bankr.P. 8013,

On an appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside, unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.

In considering such appeals from bankruptcy court decisions, the district courts are thus required to review the bankruptcy court's findings of fact for clear error and its legal conclusions *de novo*. *IRS v. Pransky*, 318 F.3d 536, 542 (3d Cir.2003); *In re Krystal Cadillac Oldsmobile GMC Truck, Inc.*, 142 F.3d 631, 635 (3d Cir. 1998).

### Discussion

As noted, the issue in this case was whether or not the Bankruptcy Court erred in denying the motion for relief from the automatic stay to enable Delta to continue its efforts in the state court to obtain permission to record a copy of the original of the lost mortgage and thus perfect the security interest in the subject real estate *nunc pro tunc*.[1] Specifically, relief was sought under 11 U.S.C. § 362(d) which provides:

---

1. The Bankruptcy Code states that a bankruptcy petition operates as a stay of all enforcement proceedings against the debtor. *In re Siciliano*, 13 F.3d 748, 750 (3d Cir.1994), citing 11 U.S.C. § 362(a) and *Maritime Electric Company v. United Jersey Bank*, 959 F.2d 1194, 1204 (3d Cir.1991). It is generally ac-

cepted that the purpose of the automatic stay provision is to afford the debtor a "breathing spell" by halting the collection process and enables the debtor to attempt a repayment or reorganization plan with an aim toward satisfying existing debt. *Id.*

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

(2) with respect to a stay of an act against property under subsection (a) of this section, if-

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization; or

(3) with respect to a stay of an act against single asset real estate under subsection (a), by a creditor whose claim is secured by an interest in such real estate, unless, not later than the date that is 90 days after the entry of the order for relief, (or such later date as the court may determine for cause by order entered within that 90–day period)—

(A) the debtor has filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or-

(B) the debtor has commenced monthly payments to each creditor whose claim is secured by such real estate (other than a claim secured by a judgment lien or by an unmatured statutory lien), which payments are in an amount equal to interest at a current fair market rate on the value of the creditor's interest in the real estate.

█ As a general rule, the decision whether to modify, condition or annul the bankruptcy stay under section 362(d) is committed to bankruptcy court discretion and is to be determined by examining the totality of the circumstances; a denial of a motion to lift the automatic stay may be reversed only upon a showing of an abuse of that discretion. *In re Colonial Center,* 156 B.R. 452, 459 (Bankr.E.D.Pa.1993); *Contemporary Mortgage Bankers, Inc. v. High Peaks Base Camp, Inc.,* 156 B.R. 890, 893 (N.D.N.Y.1993), both citing, *inter alia, In re Holtkamp,* 669 F.2d 505, 507 (7th Cir.1982). Discretion will be found to have been abused only when "the judicial action is arbitrary, fanciful or unreasonable," which is another way of saying that discretion is abused only where no reasonable person would take the view adopted by the trial court. *Camden Ordnance Manufacturing Co. of Ark., Inc. v. United States Trustee,* 245 B.R. 794, 797 (E.D.Pa. 2000); *In re Blackwell,* 162 B.R. 117, 119 (E.D.Pa.1993). If reasonable men could differ as to the propriety of the actions taken by the trial court, then it cannot be said that the court abused its discretion. *Tolve v. Commissioner of Internal Revenue,* 31 Fed.Appx. 73, 75 (3d Cir. Mar.22, 2002), citing *Washington v. Philadelphia County Court of Common Pleas,* 89 F.3d 1031, 1044 (3d Cir.1996); *In re Shariyf,* 68 B.R. 604, 606–607 (E.D.Pa.1986).

█ The burden of proof on a motion to lift or modify an automatic stay is a shifting one. *Burger Boys, Inc. v. South Street Seaport Ltd. Partnership,* 183 B.R. 682, 687 (N.D.N.Y.1994). Of course, under Section 362(d)(1), a creditor is entitled to relief from the automatic stay if he can make an initial showing of sufficient "cause." Once the movant establishes "cause," the burden of proof shifts to the debtor. *Id.,* citing 11 U.S.C. § 362(g)(1), (2). *See Also, In re Fries,* 68 B.R. 676, 683–684 (Bankr.E.D.Pa.1986).

█ "Cause" is an intentionally broad and flexible concept which must be determined on a case-by-case basis. *In re Merchant,* 256 B.R. 572, 576 (Bankr.W.D.Pa.

2000). Indeed, there are a multitude of reported decisions discussing relief from the stay for "cause," all of which are fact intensive and generally offer no precise standards to determine when "cause" exists to successfully obtain relief from the stay. *Id.*, citing *In re Holly's, Inc.*, 140 B.R. 643, 687 (Bankr.W.D.Mich.1992). A court may consider the policies reflected in the bankruptcy code, and the interests of the debtor, other creditors and any other interested parties. Unsecured creditors are generally entitled to relief from an automatic stay only in extraordinary circumstances. *In re Eagle Enterprises*, 265 B.R. 671, 680 (E.D.Pa.2001), citing *In re Clinton Centrifuge, Inc.*, 81 B.R. 844, 850 (Bankr.E.D.Pa.1988), *In re Tristar Auto. Group, Inc.*, 141 B.R. 41, 44 (Bankr. S.D.N.Y.1992); *In re Metro Transp. Co.*, 82 B.R. 351, 354 (Bankr.E.D.Pa.1988).

In this case, the Bankruptcy Court considered and summarized many of the factors used by other courts in ascertaining whether or not the "cause" requirement had been satisfied by the movant here.[2]

Noting that "[i]n all of the cases the overriding consideration is whether the debtor's estate or the debtor will be prejudiced if the pending litigation is permitted to continue in another forum," the Court "concluded that there would be significant prejudice to this estate were Delta permitted to proceed in the state court to continue the quiet title litigation." (Memorandum Opinion, at p. 4). Continuing on, the Court further found that as Appellant had failed to "provide any reason why I should permit it to proceed in state court without regard to the rights of creditors in this bankruptcy rather than requiring it to commence an appropriate proceeding in this court where all interested parties can participate, it had failed to establish 'cause' to grant it relief from the stay."

 At the outset, we can find no error with the Bankruptcy Court's conclusion that the preferred method for adjudicating the validity and/or priority of a lien is through commencement of an adversary proceeding. Indeed, it appears that the weight of authority supports adjudicating

**2.** As discussed in footnote 5 of her March 11, 2004 Memorandum Opinion, Judge Sigmund considered the test put forth in *In re Pro Football Weekly*, 60 B.R. 824, 826 (N.D.Ill. 1986) whether (1) any "great prejudice" to either the bankrupt estate or the debtor will result from continuation of a civil suit; (2) the hardship to the non-bankrupt party by maintenance of the stay considerably outweighs the hardship of the debtor; and (3) the creditor has a probability of prevailing on the merits. She also looked to the decision of the Second Circuit Court of Appeals in *Sonnax Industries, Inc. v. Tri Component Products Corp.*, 907 F.2d 1280, 1286 (2d Cir.1990) which listed the following twelve factors for consideration: (1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) wheth-

er debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial; and (12) impact of the stay on the parties and the balance of harms.

Finally, the Court further looked to *Robbins v. Robbins*, 964 F.2d 342, 345 (4th Cir.1992) which, in addition to considering two of the twelve factors enumerated in the *Sonnax* decision, considered whether the estate can be properly protected by a requirement that creditors seek enforcement of any judgment through the bankruptcy court.

such matters through adversary proceedings in accordance with Fed.R.Bankr.P. 7001. *See, e.g., In re Kinion,* 207 F.3d 751, 757 (5th Cir.2000); *In re Kressler,* Civ. A. No. 00–5286, 2001 WL 919860, at *3, 2001 U.S. Dist. LEXIS 11723, at *9 (E.D.Pa. Aug.9, 2001); *In re Nuclear Imaging Systems, Inc.,* 260 B.R. 724, 731 (Bankr.E.D.Pa.2000); *In re Metro Transportation Co.,* 117 B.R. 143, 146 (Bankr. E.D.Pa.1990). That having been said, however, the filing of an adversary proceeding is clearly not the *only* avenue for resolving this issue and the validity of a lien may also be a critical issue in stay modification proceedings that involve collateral that is property of a bankrupt estate. *See, In re Suddarth,* 222 B.R. 352, 353 (Bankr.N.D.Okla.1998). We find that the Bankruptcy Court here improperly focused on the movant's purported failure to show a reason why it should be permitted "to proceed in state court without regard to the rights of creditors in this bankruptcy rather than requiring it to commence an appropriate proceeding in this court where all interested parties can participate." In so doing, it appears that the Court failed to consider that the debtor owned the subject real estate with her former husband, that the debtor and her former husband were current in their payment obligations on the mortgage, that the debtor clearly considered the mortgage on the subject property as a perfected security interest as it was listed as such on her property schedules, or that neither the debtor nor the debtor's attorney filed any objections to the motion.

Although the Bankruptcy Court did find that Delta had given appropriate notice of its motion to lift the stay to the Trustee and all of the debtor's other creditors and that neither the Trustee nor any of the creditors had filed any objection to the motion or appeared at the hearing thereon, the Court nevertheless concluded that the Trustee "was not fully apprised of what was at issue," and that the "creditors who received the Relief Motion would not have understood how their rights could be affected by the granting of the relief sought." These conclusions were, we believe, clearly erroneous.

For one, as is evidenced by the certificate of service attached to Delta's Motion for Relief From Automatic Stay, copies of the motion were sent to each of the debtor's creditors. The Motion itself clearly states that the original of the mortgage was lost and therefore never recorded, that state court proceedings had been instituted in the Philadelphia County Court of Common Pleas for leave to file a copy of the original mortgage and thereby perfect the mortgage lien *nunc pro tunc.* All of the debtor's creditors are sophisticated corporate entities, *to wit,* credit card and lending companies, banks, and utilities who either knew or should have known that what the movant was proposing to do was perfect a mistakenly unperfected lien and thereby improve its own position in the pending bankruptcy. At the very minimum, these creditors would have known to consult with their legal counsel about the ramifications of this motion. The Trustee had a fiduciary obligation to inquire into the nature of what was at issue by virtue of the motion for relief if he did not already have such an understanding, as the Bankruptcy Court feared. The record here reflects that he did not make any effort to so inquire and that absolutely no one had any objection to the motion to lift the stay.[3] We simply cannot find any evi-

---

**3.** Likewise, the appellant filed a copy of its notice of appeal and brief in support of appeal to this Court from the February 5, 2004 Order on the debtor, her counsel and the Chapter 13 Trustee and that nothing has been filed in response to this appeal either.

dence that the interests of the creditors or the Trustee in and to the bankrupt estate or that their rights to due process were in any way compromised by the procedure which was followed here. Moreover, in considering the policies reflected in the bankruptcy code, the interests of the debtor, other creditors and any other interested parties such as the debtor's ex-husband and co-tenant here, we find that as all of them apparently accept that the mortgage should have been recorded, sufficient cause exists to justify granting the movant relief from the automatic stay. Accordingly, we must conclude that the Bankruptcy Court abused its discretion in denying Delta's Motion for Relief from the Automatic Stay and that its order of February 5, 2004 must be reversed.

An order follows.

### ORDER

AND NOW, this 30th day of June, 2004, upon consideration of the Appeal of Delta Funding Corp. from the Order of the U.S. Bankruptcy Court for the Eastern District of Pennsylvania dated February 5, 2004 denying its Motion for Relief from Automatic Stay, it is hereby ORDERED that the Order of February 5, 2004 is REVERSED and Appellant is granted relief from the automatic stay imposed in this matter pursuant to 11 U.S.C. § 362 to prosecute the quiet title action which it has instituted in the Court of Common Pleas of Philadelphia County to final judgment.