United States Court of Appeals,

Fifth Circuit.

No. 95-60065

Summary Calendar.

Stanley C. BILSKI, Jr., and Connie E. Bilski, Petitioners-Appellants;

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

Nov. 20, 1995.

Appeal from the United States Tax Court.

Before WIENER, PARKER and DENNIS, Circuit Judges:

WIENER, Circuit Judge:

Petitioners-Appellants Stanley and Connie Bilski appeal the judgment of the United States Tax Court (Tax Court), upholding the Internal Revenue Service's (IRS's) deficiency determination. The Bilskis contend that the Tax Court erred by holding that Treasury Form 872-A, Special Consent to Extend the Time To Assess Tax (872-A), is a *waiver* of the statute of limitations, and thus is not discharged in bankruptcy. They insist that an 872-A is an *executory contract* which, absent affirmance, is automatically rejected 60 days after the bankruptcy petition is filed. As we conclude that the Bilskis' contention is incorrect, we affirm the judgment of the Tax Court.

I

FACTS AND PROCEEDINGS

On December 20, 1985, the Bilskis received a Form 872-A (Extension Agreement) from the IRS, with a notice advising the

1

Bilskis that the IRS needed additional time to determine the deficiency in their joint income tax liability for 1982. Early in January of 1986, the Bilskis executed the Extension Agreement and returned it to the IRS. In June 1988, nearly three years after executing the Extension Agreement, the Bilskis voluntarily filed for bankruptcy pursuant to Chapter 7. On October 26, 1988, the Bilskis received their discharge.[1] Approximately a year after the discharge, in October 1989, the IRS sent the Bilskis a Notice of Deficiency for the 1982 tax year.

The Bilskis did not pay the deficiency. Instead, they filed a petition in the Tax Court seeking redetermination of the $17,722 deficiency in and additions to tax for the 1982 claim of a loss associated with their investment in PSL Enterprises, Ltd. (PSL). The Bilskis urged that the assessment for 1982 was either time-barred or had been discharged in bankruptcy. The IRS responded that the assessment for 1982 was not time-barred because, prior to the expiration of the period for assessment,[2] the Bilskis

---

[1]The Bankruptcy Code provisions governing discharge recognize the validity of extension agreements. In combination, section 523(a)(1)(A) and 507(a)(7)(iii) (11 U.S.C.1988 ed.) except from discharge the tax debts of individuals that are "assessable, under applicable law or by agreement, after the commencement of the case." Section 507(a)(7) was recodified as 507(a)(8) by the Bankruptcy Reform Act of 1994, § 304, Pub.L. No. 103-394, 108 Stat. 4132.

[2]26 U.S.C. § 6501(a) reads in pertinent part:

SEC. 6501. Limitations On Assessment And Collection

      (a) *General Rule.*—Except as otherwise provided in this section, the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed (whether or not such return was

had executed the Extension Agreement, *indefinitely* extending the time in which the 1982 tax liability could be assessed.

In August 1993, the Bilskis filed a motion for summary judgment, reiterating their contention that the assessment of the 1982 tax liability was time-barred. Specifically, they argued that the Extension Agreement was an executory contract and that their voluntary bankruptcy petition terminated the Extension Agreement 60 days after that petition was filed.[3] The Tax Court rejected that contention and concluded that the Extension Agreement was a waiver

---

> filed on or after the date prescribed) or, if the tax is payable by stamp, at any time after such tax became due and before the expiration of 3 years after the date on which any part of such tax was paid, and no proceedings in court without assessment for the collection of such tax shall be begun after the expiration of such period.

> (c) *Exceptions.—*

> (4) *Extension by Agreement.*—Where, before the expiration of the time prescribed in this section for the assessment of any tax imposed by this title, except the estate tax provided for in chapter 11, both the Secretary and the taxpayer have consented in writing to its assessment after such time, the tax may be assessed at any time prior to the expiration of the period agreed upon. The period so agreed upon may be extended by the subsequent agreements in writing made before the expiration of the period previously agreed upon.

[3]*See* 11 U.S.C. § 365(d)(1). This section reads in relevant part:

> § 365 Executory contracts and unexpired leases

> (d)(1) In a case under chapter 7 of this title ... if the trustee does not assume or reject an executory contract ... within 60 days after the order for relief, or within such additional time as the court, for cause, with such 60-day period, fixes, then such contract ... is deemed rejected.

3

of the statute of limitations, not an executory contract, and denied the Bilskis' motion.  A trial on the merits ensued.

At trial, the Bilskis sought to introduce into evidence a letter from the IRS to Stanley Bilski (Letter), regarding settlement negotiations between the IRS and the Videotex Database, Ltd. Partnership for partnership adjustments for the tax years of 1983 and 1984.  The IRS objected, citing Fed.R.Evid. 408 (Rule 408), which precludes the admission of evidence, conduct, or statements made during settlement negotiations.  The Bilskis did not dispute that the Letter was part of settlement negotiations; instead, they contended that the document was relevant because it demonstrated "a set of circumstances in which the two sides sharply debated."  The IRS countered that, in addition to being inadmissible under Rule 408, the Letter was irrelevant:  It involved 1983 and 1984, not 1982, the year in contention here.  Ultimately, the Tax Court excluded the Letter under Rule 408 and concluded that, in any event, the Letter was irrelevant.

As for the merits of the Bilskis' claims, the principle issues of substance were whether the tax deficiency and the addition to tax under Section 6653(a) of the Internal Revenue Code (IRC) for negligence associated with that deficiency were proper.  Other than the stipulated evidence, the Bilskis' presented no evidence on these issues.  In September 1994, after trial, the Tax Court issued an opinion, upholding the IRS deficiency determination and the imposition of the addition to tax for negligence.  The Bilskis timely appealed.

Although the Bilskis' appellate brief proffers a plethora of issues, we address the only three worthy of discussion:  First, did the Bilskis petition for bankruptcy relief automatically terminate the Extension Agreement?  Second, did the Tax Court abuse its discretion by excluding the Letter from evidence?  Third, did the Tax Court's decision to uphold the IRS's deficiency assessment and additions to tax constitute clear error?

## II

## ANALYSIS

A.  STANDARD OF REVIEW

We review the decision of the Tax Court applying the same standards used in reviewing a decision of the district court:  Questions of law are reviewed *de novo;*  findings of fact are reviewed for clear error.[4]  Discretionary rulings of the Tax Court are examined for abuse of discretion.[5]

B.  EXTENSION AGREEMENT:  EXECUTORY CONTRACT OR WAIVER

Ordinarily, under section 6501(a) of the IRC, tax deficiencies must be assessed against a taxpayer within three years following the filing of the tax return.[6]  Section 6501(c)(4) of the IRC, permits the taxpayer and the Commissioner to enter written agreements extending the statute of limitations on an assessment to

---

[4]*Estate of Hudgins v. C.I.R.,* 57 F.3d 1393, 1396 (5th Cir.1995).

[5]*McKnight v. Commissioner,* 7 F.3d 447, 450 (5th Cir.1993).

[6]Under Section 6501(b) of the IRC, if the taxpayer files before the last day prescribed by law, the return shall be considered as filed on the last day of the period.

"any time period prior to the expiration of the period agreed upon."[7]

The Bilskis concede that the limitations period was extended indefinitely by the Extension Agreement, but argue that it was "an executory contract for the purposes of the bankruptcy code" as a result of which it is "deemed to be rejected, *i.e.,* terminated, sixty days following the filing of debtor's Chapter 7 petition, unless the Chapter 7 trustee assumes the contract pursuant to the bankruptcy code."[8]  Unfortunately for the Bilskis, the premise undergirding their argument contains a structural flaw:  An 872-A is not an executory contract.

Like every other circuit that has addressed the matter, we have held that "the [872-A] agreement to extend the statute of limitations between the Commissioner and the [taxpayer] is not a contract, but a unilateral waiver of a defense by the taxpayer."[9] Here, the Extension Agreement was an indefinite waiver of the statute of limitations.  Although this is the first time that we have considered the nature of an 872-A in the context of bankruptcy, upon reflection we can discern no reason to depart from

---

[7]26 U.S.C. § 6501(c)(4).

[8]*See* 11 U.S.C. § 365(d)(1).

[9]*Buchine v. Commissioner,* 20 F.3d 173, 179 (5th Cir.1994); *see also Kelley v. Commissioner,* 45 F.3d 348, 350 n. 4 (9th Cir.1995) ("[A]n IRS Form 872-A is not technically a contract, but an agreement on the part of the taxpayer (consented to by the IRS) to waive the running of the normal statutory limitations period.");  *Holof v. Commissioner,* 872 F.2d 50, 53 (3rd Cir.1989) ("[A] consent to extend the period for assessment of income tax is "not a contract ... [but is] essentially a unilateral waiver of a defense by the taxpayer....").

the general rule or to carve out a bankruptcy exception to it. Accordingly, we hold that the Extension Agreement was not an executory contract that terminated automatically 60 days after the Bilskis filed for bankruptcy. Rather, for purposes of bankruptcy, as for all other purposes, an 872-A is a waiver of the affirmative defense of time-bar under the statute of limitations.

As such, the Extension Agreement was still in full force and effect when the IRS issued the Bilskis' deficiency notice. For a taxpayer to terminate an 872-A, he must send the IRS a Treasury Form 872-T, Notice of Termination of Special Consent to Extend the Time to Assess Tax (872-T). In like manner, for the IRS to terminate an 872-A, it must send to the taxpayer either a 872-T or a notice of deficiency in taxes for the relevant period. In this case, neither the Bilskis nor the IRS took any such terminating actions. Accordingly, the Extension Agreement was still in effect when the deficiency notice was issued, and the Tax Court correctly concluded that the deficiency assessment was not barred by the statute of limitations.

C. THE IRS LETTER

Although the Bilskis assert that "[t]he Tax Court should have admitted" the Letter, we need only decide whether excluding it amounted to an abuse of discretion by the Tax Court.[10] The Bilskis fail to support their conclusionary statements with citations to

---

[10] *E.E.O.C. v. Manville Sales Corp.,* 27 F.3d 1089, 1092-93 (5th Cir.1994) (evidentiary rulings are reviewed for abuse of discretion), *cert. denied,* --- U.S. ----, 115 S.Ct. 1252, 131 L.Ed.2d 133 (1995).

any case law, statutes, rules, or other reasons why the Tax Court "should have admitted" the Letter. As it was part and parcel of a settlement negotiations and did not cover the tax years in question, the Tax Court did not abuse its discretion in excluding the Letter.

D. THE NEGLIGENCE PENALTY

The Tax Court's determination that taxpayers failed to meet their burden of proving that they were not liable for the addition to tax involves a question of fact, which we review for clear error.[11] As such determinations by the IRS enjoy a presumption of correctness, the party complaining of the finding bears the burden of persuasion that the determination is erroneous.[12]

The IRS imposed an addition to tax for negligence under Section 6653(a)(1) of the IRC.[13] For the purposes of Section 6653(a), negligence is "any failure to reasonably attempt to comply with the tax code."[14] In this case, the additions to tax for negligence arose from the Bilskis' claim of a loss associated with their investment in PSL.[15] The Tax Court affirmed the additions to

---

[11]*Hudgins,* 57 F.3d at 1396.

[12]*See e.g. Freytag v. Commissioner,* 904 F.2d 1011, 1017 (5th Cir.1990), *aff'd,* 501 U.S. 868, 111 S.Ct. 2631, 115 L.Ed.2d 764 (1991).

[13]26 U.S.C. 6653(a)(1). This section imposes an addition to tax of five percent if any part of an underpayment is due to negligence or intentional disregard of rules and regulations.

[14]*McGee v. Commissioner,* 979 F.2d 66, 77 (5th Cir.1992).

[15]On appeal, the Bilskis do not contest liability for the principal sum of the deficiency.

tax after the Bilskis failed to present any evidence to demonstrate reasonable attempts to comply.  The Bilskis conceded that "[w]e have presented no evidence to refute the disallowance of the tax deduction, because we have no records available to us with which to do that."  Additionally, the Tax Court observed that Stanley Bilski "did not testify regarding his actions in investing in PSL Enterprises, Limited."  Given the deference with which we review the Tax Court's decision, and the Bilskis' wholesale evidentiary default, we are unable to identify any error—clear or otherwise.

For the foregoing reasons, the judgment of the Tax Court is, in all respects,

AFFIRMED.

* * * * * *

* * * * * *

* * * * * *