T.C. Memo. 2008-16

UNITED STATES TAX COURT

ESTATE OF MARVIN E. GREENFIELD, DECEASED,
BARBARA GREENFIELD, PERSONAL REPRESENTATIVE, AND
BARBARA GREENFIELD, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20423-04.               Filed January 31, 2008.

Frank Agostino, for petitioners.

Joseph J. Boylan, for respondent.


MEMORANDUM OPINION

LARO, Judge:  This case was submitted to the Court under

Rule 122 for decision without trial.[1]  Petitioners petitioned the

_____

[1]Rule references are to the Tax Court Rules of Practice and
Procedure.  Unless otherwise noted, section references are to the
applicable versions of the Internal Revenue Code.

Court to redetermine a 1982 income tax deficiency of $29,063 and the applicability of an increased rate of interest under section 6621(c) due to substantial underpayment of tax attributable to a tax-motivated transaction.  We decide whether the period of limitations remains open for assessment of those items.  We hold that it does.

### Background

All facts were stipulated or contained in the exhibits submitted with the stipulations.  The stipulated facts and exhibits are incorporated herein by this reference.

Barbara and Marvin E. Greenfield (separately, Ms. Greenfield and Mr. Greenfield; together, the Greenfields) were husband and wife in the year at issue, 1982.  Mr. Greenfield died on February 28, 2006.  At the time of the filing of the petition, the Greenfields' mailing address was in Florida.

On or about August 12, 1983, the Greenfields filed a timely joint 1982 Form 1040, U.S. Individual Income Tax Return, with the Atlanta Service Center (Greenfields' tax return).  The Greenfields' tax return included flowthrough losses from various partnerships known as the Mast Realty Associates Partnerships.

Respondent selected the Mast Realty Associates Partnerships for audit and solicited a Form 872-A, Special Consent to Extend the Time to Assess Tax, from the Greenfields to extend the period of limitations for the Greenfields' tax return.  The Greenfields

signed the Form 872-A on June 10, 1986.  On or before June 24, 1986, respondent countersigned the Form 872-A and returned a copy to petitioners.  The Greenfields never submitted a Form 872-T, Notice of Termination of Special Consent to Extend the Time to Assess Tax, to respondent for the Greenfields' tax return.

Respondent eventually determined that the Greenfields' distributive share of income for 1982 from the Mast Realty Associates Partnerships should be increased by $62,186 and that any deficiency related to the determination is subject to an increased rate of interest under section 6621(c).  On July 30, 2004, respondent mailed a notice of deficiency to the Greenfields for 1982 reflecting the determination.  Subsequently, respondent determined that Ms. Greenfield qualified under section 6015 for relief from any joint and several tax liability for 1982.

On September 19, 1992, Mr. Greenfield filed a petition under chapter 11 of the Bankruptcy Code.  On January 11, 1993, respondent filed a proof of claim in Mr. Greenfield's bankruptcy case (first proof of claim).  On October 21, 1993, Mr. Greenfield objected to respondent's first proof of claim, and on or about November 9, 1993, respondent consented to the disallowance of respondent's first proof of claim.

Also on November 9, 1993, respondent filed a second proof of claim in Mr. Greenfield's bankruptcy proceeding (second proof of claim).  The second proof of claim asserted an unsecured priority

claim totaling $34,150.32 for 1983 and 1984.  On April 14, 1994, Mr. Greenfield's action under chapter 11 of the Bankruptcy Code was converted to a bankruptcy liquidation under chapter 7.

On August 15, 1994, respondent filed a third proof of claim in Mr. Greenfield's bankruptcy proceeding (third proof of claim). Respondent's third proof of claim asserted an unsecured priority claim totaling $216,386.49 and an unsecured general claim totaling $19,601.28 for 1983, 1984, and 1991.

On November 18, 1997, the U.S. Bankruptcy Court for the Southern District of Florida issued a "Discharge of Debtor(s)". On July 19, 2000, the bankruptcy trustee paid respondent $29,683.67 in satisfaction of respondent's unsecured priority claim of $216,386.49.  On July 21, 2000, respondent advised the Greenfields by correspondence that their only open Federal tax lien was filed in July 1995.

On April 25, 2006, the Estate of Marvin E. Greenfield filed a Form 4810, Request for Prompt Assessment Under Internal Revenue Code Section 6501(d), for the income tax years 1980 to 1986 inclusive.  In response to that request, on October 11, 2006, in correspondence directed to the Greenfields, respondent mistakenly stated that the period of limitations for 1982 had already expired.

## Discussion

We decide whether respondent timely issued the notice of deficiency to the Greenfields within the applicable period of limitations provided by section 6501(a). Respondent argues that the notice of deficiency was timely because the Greenfields' execution of Form 872-A extended the period of limitations under section 6501(c)(4). Petitioners argue that the notice of deficiency was untimely. Alternatively, petitioners argue, the extension, if effective, applies only to the tax deficiency and not to the increased rate of interest. We conclude that the notice of deficiency was timely. We also conclude that the Form 872-A applies to both the income tax deficiency and the increased rate of interest.

A. Burden of Proof

As a general rule, Federal income tax must be assessed within 3 years after a tax return is filed. See sec. 6501(a). That period may be extended, however, by written agreement between the taxpayer and the Commissioner made before expiration of the general 3-year period. See sec. 6501(c)(4).

The bar of limitations is an affirmative defense, and taxpayers raising it must specifically plead it and carry the burden of proof. See Rules 39, 142; Adler v. Commissioner, 85 T.C. 535, 540-541 (1985). A taxpayer can establish a prima facie case by showing that the Commissioner mailed the notice of

deficiency after the 3-year period of limitations.  Adler v. Commissioner, supra at 540.  If the taxpayer establishes a prima facie case, the burden of going forward shifts to the Commissioner to show that the bar of the statute of limitations is not applicable.  Id.  The Commissioner may meet this burden by introducing a consent, valid on its face, that extends the period of limitations to the date of the mailing of the notice of deficiency.  See Concrete Engg. Co. v. Commissioner, 58 F.2d 566 (8th Cir. 1932), affg. 19 B.T.A. 212 (1930); Lefebvre v. Commissioner, T.C. Memo. 1984-202, affd. 758 F.2d 1340 (9th Cir. 1985).  Once the Commissioner has established that the limitations period was extended by way of the taxpayer's consent, the burden shifts back to the taxpayer to show affirmatively that the consent is invalid.  See Adler v. Commissioner, supra; Ryan v. Commissioner, T.C. Memo. 1991-49.  The burden of persuasion never shifts from the taxpayer who has pleaded the statute of limitations defense.  See Ryan v. Commissioner, supra; see also Feldman v. Commissioner, 20 F.3d 1128, 1132 (11th Cir. 1994), affg. T.C. Memo. 1993-17.

The Greenfields signed Form 872-A on June 10, 1986, before the expiration of the period of limitations on August 16, 1986, and delivered that form to respondent.  Respondent was justified in treating Form 872-A as an effective extension of the period of limitations.

B.    Period of Limitations

Respondent argues that the notice of deficiency was timely issued within the period stated in the Form 872-A executed by the Greenfields.  As respondent sees it, that form allowed respondent to assess the disputed amounts given the absence of a Form 872-T. Petitioners argue that the Form 872-A signed by the Greenfields extended the period of limitations only through November 18, 1992, which is 60 days after the filing of Mr. Greenfield's bankruptcy petition.[2]  To this end, petitioners assert, the Form 872-A is an executory contract and not, as asserted by respondent, their unilateral waiver of the original 3-year period.

By its terms, the Form 872-A signed by the Greenfields extended the period of limitations to a date on or before the 90th day after:

> (a) the Internal Revenue Service office considering the case receives Form 872-T, Notice of Termination of Special Consent to Extend the Time to Assess Tax, from the taxpayer(s); or
>
> (b) the Internal Revenue Service mails Form 872-T to the taxpayer(s); or
>
> (c) the Internal Revenue Service mails a notice of deficiency for such period(s); except that if a notice of deficiency is sent to the taxpayer(s), the time for assessing the tax for the period(s) stated in the

_____

[2]Mr. Greenfield filed his bankruptcy petition on Sept. 19, 1992.  Sixty days after this date is Nov. 18, 1992.  While petitioners assert erroneously in their brief that the 60th day is Dec. 18, 1992, we understand them to be referring to Nov. 18, 1992.

notice of deficiency will end 60 days after the period during which the making of an assessment was prohibited.

In arguing that Form 872-A is an executory contract, petitioners point to the "functional approach" adopted by the Court of Appeals for the Eleventh Circuit, the court to which this case is appealable.  Petitioners argue that this functional approach deems an agreement to be executory even without mutuality of remaining obligation between the contracting parties, as long as the rejection of the agreement benefits the estate and its creditors.  Concluding that the Form 872-A is an executory contract, petitioners argue the period of limitations was ended pursuant to 11 U.S.C. section 365(d)(1):  "In a case under chapter 7 of this title, if the [bankruptcy] trustee does not assume or reject an executory contract * * * of the debtor within 60 days after the order for relief * * * then such contract or lease is deemed rejected."  Under this statute, petitioners argue that the period of limitations extension for Form 872-A expired before respondent issued the notice of deficiency.

Respondent argues petitioners' position that Form 872-A is an executory contract is misplaced.  Respondent argues that the Supreme Court and this Court have held that consents to extend the limitations period are not contracts but instead are a unilateral waiver by the taxpayer.  See Stange v. United States,

282 U.S. 270, 276 (1931); Piarulle v. Commissioner, 80 T.C. 1035, 1042 (1983). Petitioners do not disagree with respondent concerning these holdings but urge this Court to step outside of the holdings of Stange and Piarulle. Petitioners argue that the September 1981 version of Form 872-A signed by the Greenfields, unlike the written agreement considered in Stange and the Form 872, Consent to Extend the Time to Assess Tax, considered in Piarulle, also operates to extend the period of limitations on refunds. Petitioners argue that this refund extension creates a mutuality that transforms Form 872-A from a unilateral waiver into an executory contract.

We decline petitioners' invitation to hold differently here than in Stange and Piarulle. We are unpersuaded that the refund language in the September 1981 version of Form 872-A effects a fundamental change in the document, somehow transforming Form 872-A from a waiver into an executory contract. This Court has held consistently that, although interpretations of Forms 872-A are informed by contract principles, Form 872-A is a unilateral waiver of a defense and not a contract. See Piarulle v. Commissioner, supra at 1042; see also Bilski v. Commissioner, T.C. Memo. 1994-55, affd. 69 F.3d 64 (5th Cir. 1995). In Bilski, which petitioners urge was decided wrongly, the facts were similar to the facts here. In 1986, the Bilskis executed a Form 872-A. They filed for bankruptcy under chapter 7 in June 1988

and received their discharge in October of that year. Approximately 1 year later, in October 1989, a notice of deficiency was sent to the Bilskis for joint income tax liability that the Bilskis claimed was discharged in bankruptcy and time barred. The Bilskis, as do petitioners, argued that the Form 872-A was an executory contract. In affirming the Tax Court, the Court of Appeals for the Fifth Circuit stated:

> Like every other circuit that has addressed the matter, we have held that "the [872-A] agreement to extend the statute of limitations between the Commissioner and the [taxpayer] is not a contract, but a unilateral waiver of a defense by the taxpayer." Here, the Extension Agreement was an indefinite waiver of the statute of limitations. Although this is the first time that we have considered the nature of an 872-A in the context of bankruptcy, upon reflection we can discern no reason to depart from the general rule or to carve out a bankruptcy exception to it. Accordingly, we hold that the Extension Agreement was not an executory contract that terminated automatically 60 days after the Bilskis filed for bankruptcy. Rather, for purposes of bankruptcy, as for all other purposes, an 872-A is a waiver of the affirmative defense of time-bar under the statute of limitations. [Bilski v. Commissioner, 69 F.3d at 68 (quoting Buchine v. Commissioner, 20 F.3d 173, 179 (5th Cir. 1994), affg. T.C. Memo. 1992-36); fn. ref. omitted.]

Applying the reasoning of Stange and Piarulle in the context of bankruptcy, we find Bilski persuasive. Petitioners have not provided this Court with a convincing reason or case to the contrary. As set forth in the Form 872-A, taxpayers wishing to terminate their extension of the limitations period under this form should file a Form 872-T. Only by filing a Form 872-T may a taxpayer terminate the extension provided by a Form 872-A; no

other action taken by the taxpayer, written or oral, will operate to terminate Form 872-A. See Rev. Proc. 79-22, sec. 4.02, 1979-1 C.B. 563, 563; see also Grunwald v. Commissioner, 86 T.C. 85, 89 (1986). Accordingly, we find and hold that respondent timely issued the notice of deficiency to petitioners within the applicable period of limitations provided by section 6501(a), given that the Greenfields executed the Form 872-A extending the limitations period and that the extension remained in effect when respondent issued the notice of deficiency to them.

C.   Interest

Petitioners argue that waiver of the period of limitations in Form 872-A applies only to tax, which petitioners view as exclusive of interest and penalties. In making this argument, petitioners rely on the literal language of Form 872-A, which, as petitioners rightly point out, references Federal tax but neither interest nor penalties. Respondent argues that Form 872-A constitutes a waiver that extends the period of limitations on the assessment of tax, interest, penalties, and additions to tax.

This Court has held that use of the term "tax" in Form 872-A includes penalties and interest. See Pleasanton Gravel Co. v. Commissioner, 85 T.C. 839, 855 (1985) (citing Picard v. Commissioner, 28 T.C. 955, 961 (1957)). Neither respondent nor the Greenfields in any way modified Form 872-A so as to except it from the law construing the word "tax" on Form 872-A to include

interest and penalties. Further, in <u>Estate of Raney v. Commissioner</u>, T.C. Memo. 1992-684, a Form 872-A was deemed to extend the period of limitations for increased interest under section 6621.

Petitioners cite <u>Tolve v. Commissioner</u>, 31 Fed. Appx. 73 (3d Cir. 2002), as authority that the word "tax" does not include interest or penalties. In addition to the fact that <u>Tolve</u> is an unpublished opinion that is not precedential, we find the facts of <u>Tolve</u> distinguishable. In <u>Tolve</u> the Form 872-A included typed language limiting the amount of any deficiency assessment to that resulting from six specific items, none of which referenced additions to tax or interest. Petitioners did not present to this Court any modifications made to the Form 872-A that the Greenfields signed.

D.  <u>Equitable Estoppel</u>

Petitioners argue that respondent is equitably estopped from arguing that the period of limitations has not expired. In support of this argument, petitioners point to respondent's failure to include the 1982 tax liability on his proofs of claim and to Government correspondence addressed to the Greenfields.

Equitable estoppel is a judicial doctrine that operates to preclude a party from denying that party's own acts or statements that induce another to act to his or her detriment. See <u>McCorkle v. Commissioner</u>, 124 T.C. 56, 68 (2005). It is to be applied

against the Commissioner only with the utmost caution and restraint.  See id.; see also Hofstetter v. Commissioner, 98 T.C. 685, 700 (1992).  The necessary elements of equitable estoppel are: (1) A false representation or wrongful misleading silence; (2) an error in a statement of fact and not in an opinion or a statement of law; (3) ignorance of the true facts by the person claiming the benefits of estoppel; and (4) adverse consequences to the person claiming estoppel by the acts or statements of the person against whom estoppel is claimed.  See Estate of Emerson v. Commissioner, 67 T.C. 612, 617-618 (1977).

Equitable estoppel does not operate to preclude respondent's assertion of an open period of limitations because of the bankruptcy proceeding.  The Greenfields' tax liabilities for 1982 were not at issue in the bankruptcy proceeding.  Thus, the bankruptcy court did not determine the Greenfields' 1982 tax liability.  Simply put, because the Greenfields' 1982 tax liability was never before the bankruptcy court, a claim cannot lie for equitable estoppel.

Neither does equitable estoppel operate to preclude respondent's assertion of an open period of limitations because of Government correspondence to the Greenfields.  Petitioners argue that the July 21, 2000, and the October 11, 2006, letters support petitioners' claim of equitable estoppel.  In the July letter respondent stated:  "According to our records, there are

no other open liabilities on file for the above identification numbers in the Manhattan District Office at this time" (a prior statement references an outstanding Federal tax lien filed in 1995). In the October letter respondent informed the Greenfields that "The Statute of Limitations has already expired on the 1981, 1982, 1983, and 1984 tax years, so we can't make an assessment".

The July letter did not contain a false representation or a wrongful misleading silence concerning the period of limitations for the 1982 year. In fact, the July letter, in which respondent advised the Greenfields that their only open Federal tax lien was filed in 1995, is devoid of any statement concerning Form 872-A or the period of limitations for 1982. Without any such statement, petitioners cannot claim to have been adversely affected by reliance on that letter.

In contrast the October letter clearly did contain a statement regarding the period of limitations for 1982. In that letter, respondent stated that because the period of limitations for 1982 had expired, no assessment could be made. However, as respondent points out, no adverse reliance could have occurred because petitioners had instituted this case before the October letter. Adverse reliance cannot be said to exist on the basis of a letter that was received after both the issuance of the notice of deficiency and the filing of the petition. See, e.g., Feldman v. Commissioner, 20 F.3d 1128, 1134 (11th Cir. 1994) (taxpayers'

estoppel argument against enforcement of their extension of the limitations period was rejected), affg. T.C. Memo. 1993-17.

We have considered all arguments by petitioners for holdings contrary to those which we reach herein.  To the extent not discussed, we conclude that those arguments are irrelevant or without merit.

<u>Decision will be entered under Rule 155</u>.